BOLIN, Judge.
This is another in a series of cases involving expropriation of property in the Jonesboro-Hodge area which have come before this court on appeal by the Department of Highways, State of Louisiana. Three of the cases involved property expropriated for the widening of Louisiana Highway No. 167, whereas the appeal now before us involves property expropriated for the widening of Highway No. 147.
Following trial the district court awarded defendants $48,088.40, subject to a credit of $14,241 previously deposited by the Department of Highways as compensation for the land and the improvements taken. In addition the fees of the expert witnesses used by defendants were fixed at $8,346.28 and taxed as costs against the Department of Highways.
On appeal the highway department assigns as error the excessiveness of the awards for the property taken, severance damages, and the fees fixed for defendants’ experts. Defendants answered the appeal seeking an increase in the amounts awarded for the property taken and severance damages.
In this court defendants filed a motion to dismiss the appeal. We overrule the motion to dismiss and amend the judgment by reducing the amount fixed for the fees of the experts.
MOTION TO DISMISS
Defendants filed a motion to dismiss the appeal on two grounds: (1) that *542 plaintiff failed to deposit the excess amount awarded by the trial court prior to taking the appeal; (2) the petition to appeal alleges no right or authority on the part of plaintiff’s attorney to take and perfect an appeal on behalf of the State of Louisiana. Motions to dismiss, based on contentions identical to those stated above, were recently overruled by this court in State of Louisiana, through Department of Highways v. Whitman, 313 So.2d 918 (La. App. 2d Cir. 1975), and in State of Louisiana, through Department of Highways v. United Pentecostal Church of Hodge, 313 So.2d 886 (La.App. 2d Cir.1975). For the reasons assigned in those cases the motion to dismiss in the instant case is overruled.
MERITS
Although the amount of property expropriated was in dispute in the trial below, there is apparently no dispute in this court on that question and the finding of the trial court as to the extent of the property is accepted by both parties. The trial judge, utilizing the survey made by defendants’ surveyor, Crawford, found the land owned by defendants, prior to the taking, consisted of 49,619 square feet; that the part taken totaled 40,852 square feet, leaving a remainder of 8,767 square feet. It was also undisputed the highest and best use of the subject property was for commercial use. It is situated within the corporate limits of the Village of North Hodge, Louisiana, and is a corner lot fronting on Louisiana State Highway No. 147, Jackson Parish, Louisiana, and Cedar Street. At the time of the taking in August, 1972, there was a gasoline station and grocery store located on the tract. The entire front portion of the lot was expropriated. The remainder consisted of a small triangular tract with no access to Cedar Street, and will have a greatly reduced frontage on Highway No. 147 when the widening project is completed.
The highway department appraisers, McNew and Cope, estimated just compensation at $19,000 and $20,015, respectively. Each arrived at a square foot value of $.34. Severance damages were fixed by McNew at $433 and by Cope at $1,501, which sums were included in their estimates of just compensation.
Darrel Willet, called by defendants as an expert real estate appraiser, estimated the value of the entire land area at $.94 per square foot. He used numerous compara-bles from which he calculated the just compensation due defendants for the land taken, reproduction costs of the improvements and severance damages to the remainder, which totaled $53,891. His charge for the appraisal and two days in court was $1550. This bill was filed in evidence and objected to by plaintiff’s counsel.
It was stipulated that Hab Monsur’s testimony would be the same as Willet’s, and although he did not testify defendants introduced and filed in evidence his bill of $1500 appraisal fee and $450 for two days in court, or a total fee of $1950.
Herman Bass, expert appraiser called by defendants, assigned a square foot value of $2.00 to the subject property. His total estimate including land, improvements and $6,724 severance damages was $79,984.50.
O. L. Jordan fixed the land value at $1.-50 a square foot with severance damage of 90% to the remainder. When asked what his total estimate would be if he should consider the Crawford survey, he stated the value of the tract before the taking was $74,428 and the value of the improvements would remain at $14,224. The remainder would be worth $1,423, which would reduce the amount due the landowners to $87,229. Jordan charged $1500 for his appraisal and $225 per day for one day in pretrial and two days in court for a total of $2175.
The trial judge noted in his written reasons for judgment that as is usual in these proceedings, there is a wide discrepancy between the value placed upon the property taken, the amount of severance damages sustained and the value of the remainder *543 in the appraisals made by the witnesses for plaintiff and defendants. He considered that this property did enjoy certain benefits not applicable to other property within the area due primarily to its unique location, being the only available commercial site on Highway 147 in the vicinity since all of the remaining land is owned by Continental Can Company. He concluded the defendants were entitled to $32,681.60, the value of the land taken; $9,600 as the depreciated value of the retail store building; $2,300 as the depreciated value of the concrete surfacing and guard rail; and $3,506.80 as severance damages, for a total of $48,088.40.
The district judge apparently took into consideration the appraisals and compara-bles used by witnesses for both plaintiff and defendants and arrived at a value of $.80 per square foot, which is considerably more than the estimate of plaintiff’s witnesses but less than the estimates of defendants’ witnesses.
We find the value of the land and improvements fixed by the trial judge is reasonable, based on all the evidence. The trial judge’s award of severance damages is based on 50% damage to the remainder which we also find to be reasonable in view of the disparity between the various estimates.
EXPERT WITNESS FEES
We next consider the issue of whether the award of expert witness fees was excessive. The following fees were fixed by the trial judge and assessed as costs against the Department of Highways :
Richard Crawford Surveyor $ 364.00
Lavelle Nunn Photographer 357.28
Hab Monsur Appraiser 1,950.00
H. L. Bass Appraiser 1,950.00
Darrel V. Willet Appraiser 1,550.00
0. L. Jordan Appraiser 2,175.00
$8,346.28
In two recent expropriation cases, involving the widening of Highway 167 in the Jonesboro-Hodge area and in which defendants employed most of the same witnesses, this court found similar fees to be either unwarranted or excessive. See State of Louisiana, through Department of Highways v. Whitman, supra; State of Louisiana, through Department of Highways v. United Pentecostal Church of Hodge, supra. For the reasons stated in those cases we disallow the fees of Lavelle Nunn, photographer, and fix expert witness fees as follows:
Richard Crawford $364.00
Hab Monsur 250.00
H. L. Bass 650.00
0. L. Jordan 750.00
Darrel V. Willet 650.00
The judgment of the district court is amended to reduce the expert witness fees from $8,346.28 to $2,664.00, and as amended is affirmed.